UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-21769-SEITZ/SIMONTON

ZONYA C. RAY,

    Plaintiff,

v.

CITY OF OPA-LOCKA, FLORIDA, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

This matter is before the Court on the Defendants' Motion to Dismiss the Amended Complaint [DE-10], made pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's six count amended complaint alleges claims for: (1) age discrimination under the ADEA based on a failure to promote against the City of Opa-Locka (the City); (2) age discriminatory hostile work environment under the ADEA against the City; (3) violation of 42 U.S.C. § 1983 based on age discrimination against Bryan Finnie, former City Manager; (4) violation of 42 U.S.C. § 1983 based on a hostile work environment against Finnie; (5) violation of Florida Statute § 112.044 based on age discrimination against the City; and (6) violation of Florida Statute § 112.044 based on a hostile work environment against the City. Because Counts I and V of Plaintiff's amended complaint do not meet the pleading requirements of Rule 8(a) and *Iqbal* and *Twombly*, Counts I and V are dismissed with leave to replead. Counts III and IV are dismissed because the ADEA is Plaintiff's exclusive remedy for claims of age discrimination. The Motion is denied as to Counts II and VI.

### I. Allegations in the Amended Complaint

Plaintiff, who is over the age of 40, began working for the City on November 14, 1988

and has been continuously employed by the City since then. For the past eleven years, she has worked in the City's Parks and Recreation Department. Her job performance has consistently equaled or exceeded the City's standards.

In 2010 and in 2011, Plaintiff, despite being qualified, was passed over for promotion to Parks Director in favor of a younger, less-qualified person. The position was not advertised and Plaintiff did not have an opportunity to apply for it. Plaintiff was told by Defendant City Manager Bryan Finnie, who had final decision making authority over all personnel matters, "out with the old, in with the new." Finnie's refusal to consider Plaintiff for promotion based on her age was willful and malicious and violated clearly established law.

The Parks Director who was appointed constantly belittled Plaintiff with age-related insults, such as calling Plaintiff "too old," "brain-dead," and a "dinosaur" who should be "put out to pasture." As a result, Plaintiff complained to Human Resources and to the City Manager. The age-related insults have created a hostile work environment, which continues to date.

Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on September 5, 2010. The EEOC issued Plaintiff a right to sue letter on February 10, 2012. Thereafter, Plaintiff filed this action.

## II. Motion to Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion

2

to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

*Counts I and IV are Dismissed With Leave to Replead*

Defendants move to dismiss Counts I and IV[1] of Plaintiff's amended complaint because she has failed to allege sufficient facts to support a claim of failure to promote. In order to allege

---

[1] Count IV is brought pursuant to Florida Statute § 112.044, which is very similar to the ADEA. When a Florida act is patterned after a federal act, it is interpreted in accordance with the federal act. *See Wilbur v. Correctional Services Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004) (noting that the Florida Civil Rights Act, which was patterned after Title VII, is construed in accordance with decisions of the federal courts interpreting Title VII).

3

a claim for failure to promote under the ADEA, Plaintiff must allege that: (1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to an adverse employment action; (3) that a substantially younger person filled the position that she was seeking; and (4) that she was qualified to do the job for which she was rejected. *Bogle v. Orange County Board of County Commissioners*, 162 F.3d 653, 656-57 (11th Cir. 1998). Defendant argues that Plaintiff has not adequately pled the third element because she has not pled her age or the age of the person who filled the Parks Director position. Plaintiff responds that she has pled that she was over 40 and the person who filled the position was younger. This is not sufficient. Plaintiff has not pled that the person who filled the Parks Director position was substantially younger than she or outside the protected class. Based on the allegations in the amended complaint, the person who became Parks Director could be just months or even days younger than Plaintiff. Consequently, Defendants' Motion is granted as to Counts I and V with leave to replead if facts exist to support the claim.

*The Motion is Denied as to Counts II and VI*

Defendants argue that Count II and VI should be dismissed because Plaintiff has not adequately pled that the aged-based comments objectively altered her terms and conditions of employment. A plaintiff alleging a hostile work environment must allege: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

4

Plaintiff has pled that the Parks Department head "consistently and relentlessly berated Plaintiff and her fellow employees for being 'too old,' 'brain-dead,' and 'dinosaurs' who should be 'put out to pasture.'" For purposes of a motion to dismiss, where the factual allegations are presumed true and viewed in the light most favorable to Plaintiff,[2] this is sufficient for pleading the fourth element of her claim. Consequently, Defendants' Motion is denied as to Counts II and VI.

*The Motion to Dismiss City Manager as Defendant in Counts II[3] and VI is Granted*

Defendants seek to dismiss the current City Manager, Kevin Baker, as a Defendant from Counts II and VI because under the ADEA a plaintiff can sue the employer or the supervisory employee as agent of the employer. Both Counts allege claims against the City but seek damages from the City and an injunction against Baker, as City Manager. The Eleventh Circuit has held that there is no individual liability under the ADEA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). Thus, Defendants assert that Baker should be dismissed. Plaintiff argues that she is seeking equitable relief from Baker as City Manager. However, any relief from Baker, as City Manager, is the same as relief from the City. Thus, the Motion to Dismiss Baker as a Defendant in Counts II and IV is granted.

*The Motion to Dismiss Counts III and IV is Granted*

Defendants move to dismiss Counts III and IV, Plaintiff's claims under § 1983, because the ADEA is the exclusive remedy for age discrimination claims. The ADEA's comprehensive scheme for resolution of age discrimination complaints against employers is the exclusive remedy

---

[2] The cases cited by Defendants are cases involving summary judgment, which is a more difficult standard for a non-moving Plaintiff to meet, and are not applicable at this stage of the proceedings.

[3] Defendants' Motion erroneously refers to Count III, not Count II.

for such claims. *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981).[4] Thus, Plaintiff's § 1983 claims based solely on alleged age discrimination are dismissed with prejudice. While Plaintiff argues that the ADEA is not the exclusive remedy for age discrimination claims, she has not provided any binding authority to support her position. Consequently, Counts III and IV are dismissed with prejudice.

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss the Amended Complaint [DE-10] is GRANTED in part and DENIED in part:

a. Counts I and V are DISMISSED with leave to replead.

b. The Motion is DENIED as to Count II and VI.

c. Counts III and IV are DISMISSED with prejudice.

d. The claims against Defendant Baker are DISMISSED.

e. Plaintiff shall file an amended complaint, in accordance with this Order, by **October 26, 2012.**

DONE and ORDERED in Miami, Florida, this 15th day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.